DAVID TAYLOR *vs.* ARVILLA LEWIS & trustee.
LEANDER L. GIBSON, administrator, *vs.* NELSON G. LEWIS
& another.

Middlesex.    January 20, 1888. — March 1, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Promissory Note — Payment — Administrator — Evidence.*

An agreement by an heir with an administrator that notes held by the latter may
be deducted from her distributive share before the final settlement of the es-
tate will not amount to payment of the notes.

TWO ACTIONS OF CONTRACT.    The first case, in which the
plaintiff in the second case was summoned as trustee of the
principal defendant, was to recover a balance due on two prom-
issory notes made by Arvilla Lewis to Leander L. Gibson, and
transferred by him to the plaintiff.    The second case was to
recover a balance due upon a promissory note made by Nelson
G. Lewis and Arvilla Lewis to Susan Gibson, the plaintiff's in-
testate. The answer in each case set up, among other defences,
that of payment.

The cases were tried together in the Superior Court, before
*Knowlton,* J., who allowed a bill of exceptions, which, so far as
material, was as follows:

It was admitted that Susan Gibson died on October 19, 1884,
and that Leander L. Gibson was duly appointed the administra-
tor of her estate on November 11, 1884; that Arvilla Lewis, the
wife of Nelson G. Lewis, was an heir at law of Susan Gibson, and
entitled to a distributive share in her estate, which she had never
assigned or disposed of; and that Leander L. Gibson had never
rendered any account as such administrator.

The defendants, to prove payment, offered evidence that in
June, 1886, Arvilla Lewis and Leander L. Gibson made an oral
agreement that the balance due on the notes should be deducted
from her distributive share of the estate of Susan Gibson before
final settlement, in payment of the same, and that the agreement
had never been annulled.

The plaintiff objected to the introduction of this evidence, and the judge, at his request, ruled that it was immaterial and incompetent, and excluded it. The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions.

*S. Haynes,* for the defendants.

*C. S. Hayden & S. L. Graves,* for the plaintiffs.

C. ALLEN, J. The only question in these cases is, whether the plea of payment was supported by the evidence offered. There was no declaration in set-off, and no averment of an agreement for a set-off. Set-off can only be pleaded in the manner prescribed by statute; Pub. Sts. c. 168, § 16; and an answer must set forth in clear and precise terms each substantive fact intended to be relied on in avoidance of the action. Pub. Sts. c. 167, § 20. The statutes and the practice of the courts are very liberal in respect to allowing amendments, but in these cases there was no amendment to the answer, and no averment in the answer which the offered evidence was thought to support, except that of payment. And we are of opinion that the facts offered to be proved were not sufficient to show a payment. The estate in the hands of the administrator had never been settled, no account had been rendered, and of course it had not been ascertained what Mrs. Lewis's distributive share would amount to. Her counsel now assumes in argument that it would amount to more than the sums due upon the notes. But this is not conceded, and it was not included in the offer of proof; and if it had been, it is at least doubtful whether it would have been sufficient to establish a payment. The difficulty is, that there was no agreement for an actual present setting-off of one debt against the other. There was, upon the offer, merely an executory agreement that the notes should be deducted from her distributive share, in payment of the same, to be taken therefrom before the final settlement of the estate. The time had not come for carrying this agreement into execution, by making the actual application of the notes as contemplated. The notes were left as good subsisting notes, capable of passing by indorsement. It was not an agreement for a present deduction or set-off, but for one in the future. The notes were not extinguished or paid by the agreement that in the future, and before the

final settlement of the estate, they should be deducted from her distributive share. *Dehon* v. *Stetson*, 9 Met. 341. *Cary* v. *Bancroft*, 14 Pick. 315. See also *Livingstone* v. *Whiting*, 15 Q. B. 722 ; *Callander* v. *Howard*, 10 C. B. 290.

*Exceptions overruled.*